Filed 6/19/13  P. v. Atilano CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056693 |
| v. | (Super.Ct.No. FVA1001107) |
| ANTONIO ESTRADA ATILANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

On July 20, 2010, a felony complaint charged defendant and appellant Antonio Estrada Atilano with oral copulation of an unconscious person in violation of Penal Code[1] section 288a, subdivision (f) (count 1).

On May 9, 2012, a jury found defendant guilty of attempted oral copulation of an unconscious person in violation of sections 664 and 288a, subdivision (f), a lesser included offense as to count 1.

On July 6, 2012, the trial court sentenced defendant to serve the midterm of three years in state prison. The trial court awarded defendant credit for time served, and imposed various fines and fees. The court also advised defendant that he had a lifetime obligation to register as a sex offender under section 290.

On July 12, 2012, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

On May 19, 2010, a 30-year-old woman, Jane Doe, went to the Fontana Police Department. She reported that nine years earlier, defendant, who was Doe's father, had sexually molested her while she was sleeping in her parents' house.

Doe stated, "I thought that I was having sex with my boyfriend in my dream." She woke up and discovered that defendant was orally copulating her. She testified, "I felt his tongue at my private." She could feel his tongue moving around in her vaginal

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

opening. Doe reacted by yelling, "No," and crawling into a fetal position to get away from him. Defendant stated that he was sorry and that Doe provoked him. He then walked out of the room.

Doe took her four-year-old son, who had been sleeping in the room with her, and ran into another bedroom where she could lock the door and call her mother. She told her mother what had happened and then shortly after, repeated the account to her older sister. According to Doe, neither of them believed Doe. She testified that she did not report the incident to the police because "I didn't think that anybody would believe me."

In 1992, prior to this incident, defendant pulled back a shower curtain and looked at Doe when she was naked. Police investigated the incident but only spoke to Doe's parents and not to Doe, who was 12 years old at the time.

After the incident in 2001, Doe cut off all connections with her family for about five years. In 2006, she became a police officer in Riverside. She tried to reestablish her family ties, but told defendant that the only way for them to get along was for him to admit to the police what he had done to her.

After Doe spoke with Fontana police officer Brad Guith on May 19, 2010, Guith interviewed defendant at his home. Defendant denied molesting his daughter. He stated that he had only covered her with a blanket and gave her a kiss on her forehead. On June 30, 2010, however, defendant came into the police department and spoke with Officer Guith again. In an audio-video recorded interview, defendant stated that his daughter had told him to tell the truth if he wanted to reestablish a family relationship between them.

3

Defendant then told the officer that he had found his daughter asleep in a bedroom and that her legs were uncovered. He kissed her on the mouth, and Doe had returned the kiss and hugged him. Defendant thought that Doe was awake at the time. Defendant continued and stated: "And then I petting her and then I (unintelligible) over her vagina and um nothing happened. Then I pulled her underwear's, she was wearing underwear and I tried to pull it back and trying to kiss her vagina."

Defendant stated that he was sure at this point that Doe was awake. Doe asked him what he was doing. He stated that he was sorry. She told him to "[g]et out!" and he left. Officer Guith asked defendant if he had touched Doe's vagina with his hands. He answered, "No. Honestly I don't remember. What I remember (unintelligible) my face because I remember the smell. I don't forget that. I don't remember exactly what happened. And, I'm being honest with you. That's what I remember."

Officer Guith then asked defendant, "[W]hat were you thinking? What was going through your mind?" Defendant replied, "Just have sex with her because (unintelligible) my mind."

Defendant did not testify at trial. He did not call any witnesses or introduce any evidence.

4

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                    J.

We concur:


RAMIREZ_____
            P. J.


CODRINGTON_____
            J.

5